UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**MICHAEL MOKAY and LINDA MOKAY**                                              **PLAINTIFFS**


**V.**                                              **CIVIL ACTION NO. 1:06CV446 LTS-RHW**


**STATE FARM FIRE and CASUALTY COMPANY;**
**NANCY TAKKE STRATTON, ET AL.**                                              **DEFENDANTS**


<u>**MEMORANDUM OPINION**</u>

   The Court has before it Plaintiffs Michael Mokay and Linda Mokay's (the Mokays) motion to remand. For the reasons set out below, this motion will be granted. The Court also has before it Defendant Nancy Takke Stratton's (Stratton) motion to dismiss or, in the alternative, motion for summary judgment. Because I have determined that this Court does not have subject matter jurisdiction of this action, I will deny Defendant Stratton's motion without prejudice to her right to refile her motion upon remand.

   This is an action to recover for property damage sustained during Hurricane Katrina. Plaintiffs are insured under a homeowners insurance policy issued by Defendant State Farm Fire and Casualty Company (State Farm). Plaintiffs purchased this insurance policy through State Farm's local agent, Defendant Stratton. This policy insures the plaintiffs' residence in Diamondhead, Mississippi.

   Plaintiffs are resident citizens of Mississippi. Stratton is also a resident citizen of Mississippi. If Stratton has been properly joined as a party defendant, this Court lacks subject matter jurisdiction of this action under 28 U.S.C. §1332.

   Plaintiffs allege that they purchased the State Farm policy in question on or about April 15,2005. (Complaint Paragraph 14) Prior to making this purchase, the plaintiffs allege that they contacted several local insurance agents in order to obtain quotes for coverage. (Complaint Paragraph 15) Plaintiffs allege that Defendant Stratton made two visits to their home in connection with the sale of the State Farm policy involved in this case (Complaint Paragraph 16). According to the complaint, the plaintiffs made a very specific inquiry of Defendant Stratton as to whether the flood exclusion in the State Farm policy would affect coverage in the event of a hurricane. (Complaint Paragraph 20) Stratton is alleged to have responded to this inquiry by representing, " . . . that the flood exclusion applied to slow rising water and not to storm

surge." (Complaint Paragraph 21). Plaintiffs allege that they relied upon this representation in purchasing the State Farm policy at issue. (Complaint Paragraph 36)

In the section of the state court complaint entitled "COUNT 9: NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT AGENT TAKKE STRATTON" the plaintiffs charge Defendant Stratton with negligence and gross negligence in connection with the representations she allegedly made concerning the scope of coverage under the State Farm policy at issue.

During Hurricane Katrina, the Mokays' property sustained substantial damage from the storm surge flooding that occurred during the storm. State Farm denied coverage for these losses on the grounds that they were excluded losses under the Mokays' homeowners policy. The Mokays' theories of recovery for these losses include negligent misrepresentation on the part of both Stratton and State Farm as her principal along with certain equitable remedies.

State Farm has removed this action on grounds of diversity of citizenship, alleging that the Mokays have fraudulently joined Stratton in order to defeat diversity jurisdiction. This is an issue on which State Farm has the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

## Allegations of the Complaint

Plaintiffs have alleged that they were misled by the representations they attribute to Stratton. Plaintiffs have alleged that they made a very specific inquiry whether the flood exclusion in the State Farm policy would apply to water damage sustained during a hurricane. Plaintiffs allege that they reasonably relied on Stratton's response in deciding to purchase the State Farm policy, and they allege that they have suffered a substantial loss as a result of this reliance.

## Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages

requested.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).  Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

<u>Negligent Misrepresentation Under Mississippi Law</u>

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  These essential elements may fit one of the plaintiffs' theories of recovery against Stratton.

Of course, the truth of the Mokays' allegations; the circumstances in which the events in question transpired; the question of what coverages were discussed, what representations were made, and what decisions on coverage were taken; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  At this juncture, however, the Mokays' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

Without venturing any opinion on the merits of the plaintiffs' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Stratton and State Farm have failed to establish that the plaintiffs have no viable legal theory upon which they may proceed against Stratton under the Mokays' version of events.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this

action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

    An appropriate order will be entered.

    Decided this 31st day of July, 2006.

                                            s/ *L. T. Senter, Jr.*

                                            L. T. Senter, Jr.
                                            Senior Judge