UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**MICHAEL MOKAY and LINDA MOKAY**                                             **PLAINTIFFS**


**V.**                                         **CIVIL ACTION NO.1:06CV446 LTS-RHW**


**STATE FARM FIRE AND CASUALTY COMPANY,**
**NANCY TAAKE STRATTON, LYNN CHRISSELY,**
**RUSH ROYALS, ET AL.**                                                        **DEFENDANTS**


ORDER VACATING ORDER OF REMAND, ESTABLISHING
TIME LIMITS FOR REMAND-RELATED DISCOVERY,
AND ESTABLISHING TIME LIMITS FOR THE SUBMISSION OF EVIDENCE
IN SUPPORT OF AND IN OPPOSITION TO MOTIONS TO DISMISS,
MOTION FOR SUMMARY JUDGMENT, AND MOTION TO REMAND

     The Court has before it Defendant State Farm Fire and Casualty Company's (State Farm) motion [35] to Alter or Amend the Court's opinion [33] and order [34] filed on August 1, 2006. I have reviewed the record, and I agree with State Farm's contention that the court erred in remanding this case before the completion of remand-related discovery. Accordingly, I will grant the motion and vacate the remand order. Both motions affected by the August 1, 2006, order (the motion to remand [11] and Defendant Nancy Takke Stratton's [Stratton] motion to dismiss or, in the alternative, for summary judgment [2]) will be reinstated and decided on the merits in accordance with the schedule established in this order. These motions are closely related, in that a dismissal of or entry of a summary judgment in favor of Stratton would directly affect the merits of the plaintiffs' motion to remand.

     This Court has jurisdiction to ascertain the merits of Stratton's alternative motions, since removal of this action and the merits of the motion to remand depend on whether plaintiffs have stated a sound theory of recovery against Stratton. I find that the adjudication of Stratton's alternative motions [2] should proceed in tandem with a final decision on the merits of the plaintiffs' motion to remand [11].

     State Farm has submitted, and I have considered, evidence outside the pleadings, and, for this reason, I will treat Stratton's motion as one for summary judgment. I want to afford both parties the opportunity to take any discovery they deem necessary in order to support their respective positions with respect to this motion and with respect to the motion to remand.

Accordingly, I will allow a period of sixty days from the date of this order within which the parties may complete remand-related discovery. Counsel for each of the parties shall notify the Court by the filing of a Notice of the Completion of Remand-Related Discovery when it has completed the remand-related discovery permitted by this order. Discovery deadlines are hereby extended in accordance with the terms of this order.

There are two problems with the evidence currently in the record. The affidavit of Stratton (Exhibit H to State Farm's motion to Amend/Correct [35]) is unsigned and has not been notarized. The document that State Farm represents to be a rejection of flood insurance coverage (Exhibit H to State Farm's motion to amend/correct [35] attached as the last exhibit to Stratton's unsigned affidavit) is not legible. If State Farm wishes the Court to consider these documents in support of Stratton's motion for summary judgment these problems must be corrected within the sixty-day period allowed for the completion of remand-related discovery.

The Court also has before it the motions to dismiss or, in the alternative for summary judgment, filed by Defendant Rush Royals [37] and by Defendant Lynn Chrissey [41]. Plaintiffs have requested by separate motions [44] [45] that these motions be held in abeyance pending a resolution of their motion to remand. I will grant these motions.

Accordingly, it is hereby

**ORDERED**

That Defendant State Farm Fire and Casualty Company's motion to amend/correct the order of remand [35] entered on August 21, 2006, is hereby **GRANTED**;

That the order of remand [34] filed on August 21, 2006, is hereby **VACATED**;

That the motion to remand [11] is hereby reinstated for decision on its merits;

That the motion of Defendant Nancy Takke Stratton to dismiss or, in the alternative, for summary judgment [2] is hereby reinstated for decision on its merits;

That the motion of Defendant Nancy Takke Stratton to dismiss, or, in the alternative, for summary judgment [2] shall be treated as a motion for summary judgment, and the interested parties shall be permitted to submit evidence in support of and in opposition to the merits of this motion. Any such evidence must be submitted within fourteen days of the filing of the last notice of completion of remand-related discovery.

That the parties shall have a period of sixty days from the date of this order within which to complete all remand-related discovery;

That at the time each party completes its remand-related discovery, that party shall file a Notice of the Completion of Remand-Related Discovery;

That the motion of Plaintiffs Michael and Linda Mokay [8] to hold Defendant Stratton's motion [2] to dismiss or in the alternative for summary judgment in abeyance is hereby **GRANTED**, and the motion of Defendant Nancy Taake Stratton to dismiss [2] or in the alternative for summary judgment shall be held in abeyance until the completion of remand-related discovery and the submission of evidence allowed by the terms of this order;

That the motion of Defendant State Farm Fire and Casualty Company for an extension of time [16] to file its response/reply to the plaintiffs' motion to remand is hereby **GRANTED** in accordance with the terms of this order;

That the plaintiffs' objection to the order of the United States Magistrate Judge [22] allowing remand-related discovery is hereby **DENIED**, and, finding that the order of the United States Magistrate Judge is neither erroneous nor contrary to law, the order of the United States Magistrate Judge entered on June 21, 2006, as a TEXT ORDER ONLY is hereby **AFFIRMED**;

That the plaintiffs' motion to strike [29] the motion to re-convene the deposition of Dr. Terry Smith [27] and the plaintiffs' motion to amend/correct the motion to re-convene the deposition of Dr. Terry Smith [29] are hereby **GRANTED** and these motions [27] [29] are hereby **STRICKEN**;

That the text order entered on September 11, 2006, is hereby **VACATED**;

That the plaintiffs' motion [45] for an extension of time to respond to the motion of Defendant Rush Royals to dismiss or, in the alternative, for summary judgment [37] is hereby **GRANTED**, and this motion [37] will be held in abeyance pending a ruling on the pending motions to remand and Defendant Nancy Takke Stratton's motion for summary judgment;

That the plaintiffs motion [44] for an extension of time to respond to the motion of Defendant Lynn Chrissey to dismiss or, in the alternative for summary judgment [41] is hereby **GRANTED**, and this motion [41] will be held in abeyance pending a ruling on the pending motions to remand and Defendant Nancy Takke Stratton's motion for summary judgment;

That following the completion of all remand-related discovery and the filing of the notices of the completion of that discovery in accordance with this order, the parties shall have a period of fourteen days from the date of the filing of the last notice of the completion of remand-related discovery within which to submit any material they wish the Court to consider with respect to Defendant Nancy Taake Stratton's motion for summary judgment [2] or with respect to the plaintiffs' motion to remand [11] .

**SO ORDERED** this 30th day of October, 2006.

                                                s/ *L. T. Senter, Jr.*
                                                L. T. Senter, Jr.
                                                Senior Judge