UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


MICHAEL MOKAY and LINDA MOKAY                                        PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:06CV446 LTS-RHW

STATE FARM FIRE and CASUALTY COMPANY;
NANCY TAKKE STRATTON, ET AL.                                          DEFENDANTS


## MEMORANDUM OPINION ON MOTION TO REMAND
## AND MOTIONS FOR SUMMARY JUDGMENT

The Court has before it Defendant Nancy Takke Stratton's (Stratton) alternative motions [2] [37] [41] [71] [72] to dismiss and for summary judgment. The Court also has before it the plaintiffs' motion [11] to remand.

This is an action to recover for property damage sustained during Hurricane Katrina. Plaintiffs are insured under a homeowners insurance policy issued by Defendant State Farm Fire and Casualty Company (State Farm). Plaintiffs purchased this insurance policy through State Farm's local agent, Defendant Stratton. This policy insures the plaintiffs' residence in Diamondhead, Mississippi. At the time the plaintiffs purchased their State Farm homeowners policy, in April 2005, they were replacing a homeowners policy issued by Lexington Insurance Company. Plaintiffs also had a flood insurance policy under the National Flood Insurance Program. That policy was issued by Hartford Insurance Company (Hartford). At the time the plaintiffs purchased their State Farm homeowners policy they elected to keep their existing flood insurance coverage with Hartford.

The legal dispute between the plaintiffs and State Farm concerns the question of whether the damage to the insured property that occurred during Hurricane Katrina was a covered loss under the property, particularly whether the damage was caused by wind (a covered loss) or by water (an excluded loss). The legal dispute between the plaintiffs and Stratton concerns the statements Stratton is alleged to have made at the time the purchase of the State Farm policy was being discussed. The parties agree that Stratton visited the plaintiffs' home in order to prepare a group of quotes for policies with different limits of coverage and a choice of deductibles. There is a disagreement among the parties concerning what Stratton said about the interaction between the plaintiffs' flood coverage and the homeowners coverage they were considering buying from State Farm. During the time of the Stratton statements in question, only Plaintiff Michael Mokay (Mokay) was present.

Plaintiffs allege that Defendant Stratton made two visits to their home in connection with the sale of the State Farm policy involved in this case (Complaint Paragraph 16). According to the complaint, the plaintiffs made a very specific inquiry of Defendant Stratton whether the flood exclusion in the State Farm policy would apply to storm surge flooding during a hurricane. (Complaint Paragraph 20) Stratton is alleged to have responded to this inquiry by representing, " . . . that the flood exclusion applied to slow rising water and not to storm surge." (Complaint Paragraph 21) Plaintiffs allege that they relied upon this representation in purchasing the State Farm policy at issue. (Complaint Paragraph 36)

In the section of the state court complaint entitled "COUNT 9: NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT AGENT TAKKE STRATTON" the plaintiffs charge Defendant Stratton with negligence and gross negligence in connection with the representations she allegedly made concerning the scope of coverage for damage caused by storm surge flooding under the State Farm policy at issue.

Mokay alleges that Stratton's statements led him to believe that the Hartford flood policy applied to damage from what he described as "slow rising water."  Mokay alleges that Stratton indicated that damage from this type of "slow rising water" would be covered under his flood policy and not the State Farm homeowners policy. Mokay alleges further that Stratton stated that the State Farm homeowners policy exclusion for water damage would not apply to damage from storm surge flooding during a hurricane. (Paragraphs 20 and 21 of the Amended Complaint and Deposition of Michael Mokay, page 63 lines 6 through 11) Mokay's allegations are directly contradicted by Stratton's deposition testimony.

During Hurricane Katrina, the Mokay's property sustained substantial damage from the storm surge flooding that occurred during the storm. The plaintiffs collected the policy limits under their Hartford flood insurance policy. State Farm denied coverage for the plaintiffs' losses on the grounds that the water damage exclusion applied to all of the hurricane damage to the plaintiffs' property.

State Farm has removed this action on grounds of diversity of citizenship, alleging that the Mokays have fraudulently joined Stratton in order to defeat diversity jurisdiction. Plaintiffs are resident citizens of Mississippi. Stratton is also a resident citizen of Mississippi. If Stratton has been properly joined as a party defendant, this Court lacks subject matter jurisdiction of this action under 28 U.S.C. §1332. This is an issue on which State Farm has the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

By my opinion [33] and order [34] entered on August 1, 2006, I granted the plaintiffs' motion to remand, relying strictly on the allegations of the complaint. By motion [35] filed on August 9, 2006, State Farm requested that I reconsider this decision. I granted State Farm's motion [35] by order [54] entered on November 2, 2006
The parties have now taken discovery concerning the issue of remand. The testimony of the parties is contradictory. Mokay has asserted that the allegations of the complaint are true, and while his testimony is far from being conclusive on this point, I find that it is sufficient, under the legal standard I must apply at this juncture, to support his right to proceed against Stratton individually.

## Allegations of the Complaint

Mokay has alleged and testified that the representations Stratton made at the time the State Farm policy was purchased were misleading. Mokay has alleged and testified that he made a very specific inquiry whether the flood exclusion in the State Farm policy would apply to water damage sustained during a hurricane. Mokay has alleged and testified that Stratton's statements led him to believe that his flood policy applied only to "slow rising water," and that the flood exclusion in the State Farm policy would not apply to damage that occurred during a hurricane. Plaintiffs allege that they reasonably relied on Stratton's statements in deciding to purchase the State Farm policy, and they allege that they have suffered a substantial loss as a result of this reliance.

## Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). Stratton has acknowledged this duty. (Deposition of Stratton, page 68 line 23 through page 69 line 1) Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care. On the record before me, I find that there is a sufficient conflict in the testimony of Mokay and Stratton to create an issue of fact. This precludes the entry of a summary judgment or a judgment of dismissal under F.R.Civ.P. 12(b)(6).

Of course, the truth of the plaintiffs' allegations; the circumstances in which the events in question transpired; the question of what representations were made, and what decisions on coverage were taken; the reasons for these decisions; and all related issues such as the question of reasonable reliance are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. At this juncture, however, the plaintiffs' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

Without venturing any opinion on the merits of the plaintiffs' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Stratton and State Farm have failed to establish that the plaintiffs have no viable legal theory upon which they may proceed against Stratton under Mokay's version of events.

Plaintiffs have collected the limits of their flood insurance policy, and the plaintiffs have not alleged that any additional flood insurance benefits are due. If the plaintiffs prevail on their claims under Mississippi law, it cannot increase their flood insurance coverage under the Hartford flood insurance policy, and it cannot, as a matter of law, result in the collection of additional benefits under the National Flood Insurance Program. Thus this case falls outside the scope of federal question jurisdiction under the National Flood Insurance Act. See *Landry v. State Farm Fire and Casualty Company*, 428 F.Supp.2d 531 (E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006). Therefore, this Court does not have subject matter jurisdiction of this action under 28 U.S.C. §1331.

Accordingly, I will grant the motion to remand. Since the Court lacks subject matter jurisdiction, I will deny all other pending motions for lack of jurisdiction to make a ruling thereon. An appropriate order will be entered.

Decided this 30th day of April, 2007.

                                                        s/ L. T. Senter, Jr.
                                                       L. T. SENTER, JR.
                                                       SENIOR JUDGE